**ORIGINAL**

# In The United States Court of Federal Claims

No. 15-127C
(Filed: August 18, 2015)

**NOT FOR PUBLICATION**

**FILED**

**AUG 1 8 2015**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| MALINKA TACUMA WADE MOYE, | ) | Motion to dismiss for lack of |
|  | ) | subject-matter jurisdiction; |
| Plaintiff, | ) | Transfer not in interest of |
|  | ) | justice; 28 U.S.C. § 1915(g) |
| v. | ) |  |
|  | ) |  |
| THE UNITED STATES, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

Malinka Tacuma Wade Moye, Napa, C.A., pro se.

Michael D. Austin, Trial Attorney, with whom were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

On February 9, 2015, plaintiff, Malinka Tacuma Wade Moye, filed a complaint in this court. Compl., Feb. 9, 2015, ECF No. 1, at 1. Mr. Moye is an inmate at Napa State Hospital in California. See Pl.'s Mot. for Leave to Proceed In Forma Pauperis, Feb. 9, 2015, ECF No. 3, at 3. The court notes at the outset that Mr. Moye's complaint is largely incomprehensible. It is primarily a jumble of words and incomplete sentences listing out defendants and allegations. The United States is captioned as the named defendant in Mr. Moye's complaint. Compl. at 1. Nonetheless, his claims are directed at agencies and individuals including the San Francisco Police Department, the District Attorney of San Francisco, the Public Defender's Office of San Francisco, the San Francisco Superior Criminal and Civil Courts, the Mayor's Office of San Francisco, and the San Francisco Board of Supervisors. See id. Mr. Moye appears to allege claims of civil rights violations and "hate crimes by federal corruption." Id. He further references "badges of

slavery and fraud on court" by United States District Court Magistrate Judges in the Northern District of California, and extortion and kidnapping by the Federal Mediation and Conciliation Service in Oakland, California. Id. at 2–3.

Mr. Moye seeks relief based upon violations "under color of law rights [and] privileges guaranteed by Amendments of [the] U.S. Constitution and other federal statutes" and the Little Tucker Act. Id. at 1; see 28 U.S.C. § 1346 (2012). Mr. Moye seeks $100,000 in damages, a trial, and "coercive, interim, alternative, and declaratory relief." Compl. at 4. Additionally, Mr. Moye requests that his case be transferred to the District Court for the Northern District of California, as the events giving rise to his claim took place in San Francisco and Oakland, California. Id. at 2.

On May 11, 2015, defendant filed a motion to dismiss plaintiff's claims for lack of subject-matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the U.S. Court of Federal Claims (RCFC). Def.'s Mot., ECF No. 10. Also before the court is plaintiff's motion for leave to proceed in forma pauperis. ECF No. 3.

For the reasons explained below, the court **DENIES** plaintiff's motion to proceed in forma pauperis. Further, the court finds it lacks jurisdiction over plaintiff's complaint. The court also finds it is not in the interest of justice to transfer plaintiff's complaint to the District Court for the Northern District of California. Accordingly, defendant's motion to dismiss is **GRANTED**, and the case is **DISMISSED** for lack of jurisdiction pursuant to RCFC 12(b)(1).

I.      Subject-Matter Jurisdiction

A.      Legal Standards

Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, pro se plaintiffs must still meet the jurisdictional requirements to proceed in our court. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (2004). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, . . ." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). The court may question its own subject-matter jurisdiction at any time. See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

The Tucker Act provides for the court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28

U.S.C. § 1491(a)(1) (2012).  Thus, with limited exceptions, this court has authority to "issue judgments for money against the United States only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment." Drake v. Fitzwater, No. 14-408C, 2015 WL 1883766, at *1 (Fed. Cl. Apr. 23, 2015) (citing United States v. Testan, 424 U.S. 392, 397–98 (1976)).  The Little Tucker Act and the Tucker Act cover the same scope of issues, the difference being that "the Little Tucker Act creates jurisdiction in the district courts concurrent with the Court of Federal Claims for covered claims of $10,000 or less."  United States v. Bormes, 133 S. Ct. 12, 16 n.2 (2012).

B.     The Court Lacks Jurisdiction Over Plaintiff's Claims

For the reasons that follow, the court finds that it lacks jurisdiction over plaintiff's claims.  To start, Mr. Moye alleges a general violation of his civil rights.  Compl. at 1. He references amendments to the United States Constitution and "other federal statutes," but fails to specify the statutes and amendments on which he is basing his claim.  Id.  A plaintiff must "identify a substantive source of law that creates the right to recovery of money damages against the United States."  Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008).  Further, it is undisputed that "the Court of Federal Claims does not have jurisdiction over civil rights claims brought under Title VII of the Civil Rights Act of 1964 or other civil rights statutes."  Taylor v. United States, 113 Fed. Cl. 171, 173 (2013); see also Ealy v. United States, 120 Fed. Cl. 801, 805 (2015), appeal filed, No. 15-5108 (Fed. Cir. July 1, 2015); Osborn v. United States, 47 Fed. Cl. 224, 232 (2000).  Mr. Moye's failure to ground his claims in a money-mandating statute, regulation, or contract, leaves this court without jurisdiction to hear Mr. Moye's civil rights claims.

Next, Mr. Moye's complaint contains references to tort claims and criminal violations, including kidnapping, extortion, home-invasion, slavery, and hate crimes. Compl. at 3.  This court does not hear claims sounding in tort.  See Rick's Mushroom Serv., 521 F.3d at 1343 ("The plain language of the Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort."); 28 U.S.C. § 1491(a)(1); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Dobyns v. United States, 91 Fed. Cl. 412, 417 (2010).  Nor does this court have jurisdiction over criminal violations.  See Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994) ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code . . . ."); see also Dziekonski v. United States, 120 Fed. Cl. 806, 811 (2015); Kania v. United States, 650 F.2d 264, 268–69 (Ct. Cl. 1981).  Thus, to the extent that Mr. Moye's claims sound in tort or involve criminal violations, they fall outside of this court's jurisdiction.

In his complaint, Mr. Moye names local agencies and officials, in addition to federal magistrate judges, as the offending actors.  Compl. at 1–2.  Plainly, the court lacks jurisdiction over claims in which the United States is not a defendant.  See Kurt v. United States, 103 Fed. Cl. 384, 386 (2012); see also Drake, 2015 WL 1883766, at *1 (finding no

jurisdiction over claims against federal, state, or local officials); <u>Jiron v. United States</u>, 118 Fed. Cl. 190, 198–99 (2014) (finding no jurisdiction over state judges and courts); <u>Jones v. United States</u>, 104 Fed. Cl. 92, 98 (2012) (finding no jurisdiction over claims against state agencies). Mr. Moye's failure to identify, except in the caption, the United States as the defendant in this case, is grounds for dismissal for lack of jurisdiction.

In its motion to dismiss, defendant puts forward a variety of additional reasons why plaintiff's complaint should be dismissed for lack of jurisdiction. For example, Mr. Moye invokes the Little Tucker Act, yet names damages at $100,000. Compl. at 1. However, plaintiff incorrectly invokes the Little Tucker Act as his jurisdictional statute, as the Little Tucker Act only covers cases of $10,000 or less. <u>See</u> <u>Bormes</u>, 133 S. Ct. at 16 n.2. Defendant also argues that the complaint is time-barred. Def.'s Mot. at 7. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2012). Defendant argues that the events giving rise to plaintiff's claims occurred more than six years prior to the filing of his complaint, as Mr. Moye references an event occurring in 2001, and the time-period "2002 to present." Def.'s Mot. at 7–8. Due to the largely incoherent nature of plaintiff's complaint, the court cannot confidently say that Mr. Moye's claims are time-barred. In any event, the court need not decide the statute of limitations issue, as the court lacks jurisdiction over plaintiff's action for numerous other reasons, as discussed above.

II.     Whether a Transfer Is in the Interest of Justice

The court now considers whether "it is in the interest of justice" to transfer Mr. Moye's complaint to another district court. <u>See</u> <u>Tex. Peanut Farmers v. United States</u>, 409 F.3d 1370, 1374-75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction); <u>see also</u> 28 U.S.C. § 1631 (2012) ("the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed"); 28 U.S.C. § 610 (2012) (defining "courts" to include, among others, "district courts of the United States"). It is within the transferring court's discretion to determine not to transfer the case if the court determines that it would be "futile given the weakness of plaintiff's case on the merits." <u>Spencer v. United States</u>, 98 Fed. Cl. 349, 359 (2011) (quoting <u>Faulkner v. United States</u>, 43 Fed. Cl. 54, 56 (1999)).

"The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." <u>Galloway Farms, Inc. v. United States</u>, 834 F.2d 998, 1000 (Fed. Cir. 1987). Alternatively, frivolous claims include those that are "'spurious and specious arguments.'" <u>Id.</u> (quoting <u>Devices for Med., Inc. v. Boehl</u>, 822 F.2d 1062, 1068 (Fed. Cir. 1987)).

Mr. Moye seeks a transfer of his case to the Northern District of California, as the events giving rise to the complaint took place in San Francisco and Oakland, California. Compl. at 2.   Although this is Mr. Moye's first filing in this court, it is not his first attempt at litigation.   Upon an independent review of cases, the court has found that Mr. Moye has a long history of bringing suit in both the District Court for the Northern District of California, and in California state courts.   The Northern District of California recently summarized Mr. Moye's litigation history:

> Mr. Moye is no stranger to this Court or the state courts.   In 2006, he was declared a vexatious litigant under state law by the San Francisco County Superior Court and ordered not to file any new actions in state court without first obtaining leave of court do so.   See Moye v. Baca, San Francisco County Superior Court Case No. CGC–06–450461 (August 11, 2006 order). Mr. Moye then became quite active in the federal court.   After he had filed about 20 meritless actions in this Court, [a district court judge] declared him to be a vexatious litigant on December 21, 2009 and subjected him to pre-filing review in future cases.   See Docket # 30 in Moye v. City and County of San Francisco, N.D. Cal. Case No. C 09–3892 WHA.   [The district court judge's] pre-filing review order mentioned that Mr. Moye was listed as a party in about 80 actions of various types in the San Francisco County Superior Court, most of which were filed by Mr. Moye and many of which had defendants with the same names as the defendants filed in federal court.   Id. at 3.   That pre-filing review order was later modified to exclude from pre-filing review the actions Moye filed while in custody because prisoner cases already are subject to a separate screening under 28 U.S.C. § 1915A. Docket # 2 in In re: Moye, N.D. Cal. Case No. C 14–80177 RS.

In re Moye, 2014 WL 3750055, at *1 (N.D. Cal. July 28, 2014).

If on three or more occasions any court of the United States has dismissed an inmate's civil action "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," that inmate may no longer bring an action in any court of the United States in forma pauperis.   28 U.S.C. § 1915(g) (2012); see also Coleman v. United States, 116 Fed. Cl. 461, 466 (2014); Warren v. United States, 106 Fed. Cl. 507, 509 (2012).   This rule is commonly referred to as the three strikes rule.   See Leaming v. United States, 114 Fed. Cl. 201, 203 (2014).   Section 1915(g) includes an exception for when a "prisoner is under imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

Earlier this year, the Northern District of California took a review of Mr. Moye's litigation history, determining that he violated the three strikes rule.   See Moye v. Magistrate SBA, No. 14-cv-04347-YGR, 2015 WL 2064042, at *3 (N.D. Cal. May 4, 2015).   Those cases are Moye v. City & Cnty. of S.F., No. C 13–1240 EMC (PR) (N.D.

Cal. Nov. 25, 2013); Moye v. Gascon, No. C 13–1821 PJH (PR) (N.D. Cal. May 16, 2013); and Moye v. United States Gov't, No. C 13–2173 EMC (PR) (N.D. Cal. Dec. 20, 2013). See id. at *3.   The District Court ordered Mr. Moye to show cause "why pauper status should not be denied and this action should not be dismissed . . ." Id. at *4.   On June 25, 2015, the District Court dismissed without prejudice plaintiff's action and denied his motion for leave to proceed in forma pauperis.   Order of Dismissal Without Prejudice at 2, Moye v. Magistrate SBA, No. 14-cv-04347-YGR, ECF No. 17.

The court must answer whether it is in the interest of justice to transfer Mr. Moye's case to the Northern District of California.   Mr. Moye has been declared a vexatious litigant in the Northern District of California for filing numerous meritless claims.   In re Moye, 2014 WL 3750055, at *1.   Further, his motion for leave to proceed in forma pauperis has been denied at least once in that jurisdiction.   Order of Dismissal Without Prejudice at 2, Moye v. Magistrate SBA, No. 14-cv-04347-YGR, ECF No. 17.   Finally, his complaint is largely incomprehensible, and of a similar nature to numerous complaints filed in District Court.   For these reasons, the court finds that transfer to District Court is not in the interest of justice.   Cf. Young v. United States, 88 Fed. Cl. 283, 292 (2009) (finding that transfer is not in the interest of justice in a case where plaintiff has filed similar claims elsewhere and has violated the "three strikes" rule).

Finally, while Mr. Moye has never before filed in this court, it is clear that he has violated the "three strikes" rule of 28 U.S.C. § 1915(g).   He has had numerous cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. [1]   In his present complaint, he does not indicate that he is under imminent danger of serious physical injury.   Compl. at 1–4.   For these reasons, he is barred from filing future complaints in this court in forma pauperis.

III.   Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims and that a transfer to the Northern District of California is not in the interest of justice.   Plaintiff's complaint is hereby **DISMISSED**,[2] and plaintiff's motion to proceed in forma pauperis is hereby **DENIED**.   Plaintiff is hereby prohibited from filing any future complaints in this court in forma pauperis as he has violated the "three strikes" rule of section 1915(g).   The court directs that the Clerk of Court shall not file any future

---

[1]   Although the Northern District of California's review of Mr. Moye's litigation history took place on May 4, 2015, after this case was filed, the cases enumerated were all dismissed prior to Mr. Moye's filing in this court.   Therefore, those dismissals count towards this court's determination that plaintiff has violated the "three strikes" rule.

[2]   Plaintiff's Request for Admissions, ECF No. 2, filed together with his complaint, is additionally **DENIED**, as there is no RCFC rule that allows for this type of filing.

complaint from this plaintiff without either:   (1) payment of the filing fee; or (2) written permission by a judge of this court.   The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge